UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROGER JORDAN, Jr., aka IMHOTEP JORDAN, Jr., CDCR #C-71742,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS J. BORRIS, Superior Court Judge, et al.,<br><br>Defendants. | Civil No. 14cv1187 BTM (WVG)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) (ECF Doc. No. 2)**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

John Roger Jordan, Jr. ("Plaintiff"), proceeding pro se and describing himself as a "natural free born living breathing flesh and blood sovereign sentient being," is currently incarcerated at California State Prison in Lancaster, California, and has filed a civil action entitled "Presentment Instrument under Necessity of 42 U.S.C. § 1983" ("Compl.") (Doc. No. 1).

While his pleading is difficult to decipher, Plaintiff appears to seek a "default judgment" against two Orange County California Superior Court Judges based on claims

that they have "refused to honor" their "constitutional oath of office contract[s]" by committing "illegal" acts and omissions, and specifically "refusing to answer" a "commercial presentment instrument" which has "further[ed] [Plaintiff's] false imprisonment," resulted in his "involuntary servitude, peonage and slavery," and caused him "unnecessary serious emotional, psychological, and spiritual injury." *See* Compl. at 3-4, 7, 9-12.

Plaintiff has not prepaid the full civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF Doc. No. 2).

## I. MOTION TO PROCEED IFP

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. *See* 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state

a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II.   APPLICATION OF 28 U.S.C. § 1915(g)

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint to the best of its ability and has ascertained no plausible allegation to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). As noted above, Plaintiff appears to bring this suit in order to challenge decisions taken by two Superior Court Judges related to a "false arrest" and "fraudulent" conviction. *See* Compl. at 7. Nothing in his Complaint suggests that he faced any "'ongoing danger' of serious physical injury sufficient to "meet the imminence prong of the three-strikes exception" at the time of filing. *Cervantes*, 493 F.3d at 1057. Therefore, Plaintiff may be barred from proceeding IFP in this action if he has on three prior occasions had civil actions or appeals dismissed as frivolous, malicious or for failing to state a claim. *See* 28 U.S.C. § 1915(g).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Thus, this Court takes judicial notice of other civil proceedings in its own docket, and finds that Plaintiff, John Roger Jordan, Jr., aka Imhotep Jordan, Jr., and identified as

CDCR Inmate #C-71742, has, on far more than 3 prior occasions in 2012 alone, and before he sought leave to proceed IFP in this case,[1] had civil actions filed while he was a prisoner dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

They are:

1) *Jordan v. Madden*, S. D. Cal. Civil Case No. 3:12-cv-00098-DMS-POR (March 6, 2012) (Order dismissing civil action for failing to pay filing fees, for failing to move to proceed IFP and as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1)) (ECF Doc. No. 2) (strike one);

2) *Jordan v. Builteman*, S.D. Cal. Civil Case No. 3:12-cv-00099-BEN-NLS (March 8, 2012) (Order dismissing civil action for failing to pay filing fees, for failing to move to proceed IFP and as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1)) (ECF Doc. No. 2) (strike two);

3) *Jordan v. Coronado*, S.D. Cal. Civil Case No. 3:12-cv-00100-WQH-RBB (March 9, 2012) (Order dismissing civil action for failing to pay filing fees, for failing to move to proceed IFP and as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1)) (ECF Doc. No. 2) (strike three);

4) *Jordan v. Carpio*, S.D. Cal. Civil Case No. 3:12-cv-00101-IEG-JMA (March 19, 2012) (Order dismissing civil action for failing to pay filing fees, for failing to move to proceed IFP and as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1)) (ECF Doc. No. 2) (strike four);

5) *Jordan v. Powell*, S.D. Cal. Civil Case No. 3:12-cv-00102-DMS-BLM (March 6, 2012) (Order dismissing civil action for failing to pay filing fees, for failing to

---

[1] All of these cases have ripened into "strikes" under § 1915(g) because in each case, Plaintiff "did not appeal [the dismissal]," and "his time to file a direct appeal expired" long before he sought leave to proceed IFP in this case. *See Silva v. Vittorio*, 658 F.3d 1090, 1100 & n.6 (9th Cir. 2011) (holding that "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal.").

|   |   |   |
|---|---|---|
| 1 |  | move to proceed IFP and as frivolous and malicious pursuant to 28 U.S.C. |
| 2 |  | § 1915A(b)(1)) (ECF Doc. No. 2) (strike five); |
| 3 | 6) | *Jordan v. Price*, S.D. Cal. Civil Case No. 3:12-cv-00103-WQH-JMA (March 9, |
| 4 |  | 2012) (Order dismissing civil action for failing to pay filing fees, for failing to |
| 5 |  | move to proceed IFP and as frivolous and malicious pursuant to 28 U.S.C. |
| 6 |  | § 1915A(b)(1)) (ECF Doc. No. 2) (strike six); |
| 7 | 7) | *Jordan v. Huff*, S.D. Cal. Civil Case No. 3:12-cv-00262-AJB-WMC (February 6, |
| 8 |  | 2012) (Order dismissing civil action for failing to pay filing fees, for failing to |
| 9 |  | move to proceed IFP and as frivolous pursuant to 28 U.S.C. § 1915A) (ECF Doc. |
| 10 |  | No. 2) (strike seven); |
| 11 | 8) | *Jordan v. Houston*, S.D. Cal. Civil Case No. 3:12-cv-00263-JLS-WMC (February |
| 12 |  | 17, 2012) (Order dismissing civil action for failing to pay filing fees, for failing |
| 13 |  | to  move to proceed IFP and as frivolous pursuant to 28 U.S.C. § 1915A) (ECF |
| 14 |  | Doc. No. 4) (strike eight); |
| 15 | 9) | *Jordan v. Anello*, S.D. Cal. Civil Case No. 3:12-cv-00264-AJB-MDD (February |
| 16 |  | 6, 2012) (Order dismissing civil action for failing to pay filing fees, for failing to |
| 17 |  | move to proceed IFP and as frivolous pursuant to 28 U.S.C. § 1915A) (ECF Doc. |
| 18 |  | No. 2) (strike nine); |
| 19 | 10) | *Jordan v. Lewis*, S.D. Cal. Civil Case No. 3:12-cv-00265-AJB-BLM (February 6, |
| 20 |  | 2012) (Order dismissing civil action for failing to pay filing fees, for failing to |
| 21 |  | move to proceed IFP and as frivolous pursuant to 28 U.S.C. § 1915A) (ECF Doc. |
| 22 |  | No. 2) (strike ten); |
| 23 | 11) | *Jordan v. Sabraw*, S.D. Cal. Civil Case No. 3:12-cv-01212-AJB-WVG (May 21, |
| 24 |  | 2012) (Order dismissing civil action for failing to pay filing fees, for failing to |
| 25 |  | move to proceed IFP and as frivolous pursuant to 28 U.S.C. § 1915A) (ECF Doc. |
| 26 |  | No. 2) (strike eleven); and |
| 27 | 12) | *Jordan v. District Court Judge*, S.D. Cal. Civil Case No. 3:12-cv-02042-AJB-PCL |
| 28 |  | (Aug. 22, 2012) (Order dismissing civil action for failing to pay filing fees, for |

/ / /

/ / /

failing to move to proceed IFP and as frivolous pursuant to 28 U.S.C. § 1915A) (ECF Doc. No. 2) (strike twelve).[2]

Accordingly, because Plaintiff has, while incarcerated, accumulated far more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed this action, he is not entitled the privilege of proceeding IFP in this case. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III. CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) as barred by 28 U.S.C. § 1915(g);

---

[2] These twelve cases comprise only Plaintiff's *latest* "strikes" under 28 U.S.C. § 1915(g). Indeed, in 2011, Plaintiff also had an additional 19 prisoner civil actions, all seeking to sue clerk's office employees and practically every judge on this Court, dismissed as frivolous and/or malicious. *See, e.g., Jordan v. Lloyd*, S.D. Cal. Civil Case No. 3:11-cv-01724-JLS-BLM; *Jordan v. Moskowitz*, S.D. Cal. Civil Case No. 3:11-cv-01725-JLS-WMC; *Jordan v. Sabraw*, S.D. Cal. Civil Case No. 3:11-cv-01726-JAH-JMA; *Jordan v. Gonzalez*, S.D. Cal. Civil Case No. 3:11-cv-01727-JLS-CAB; *Jordan v. Battaglia*, S.D. Cal. Civil Case No. 3:11-cv-01728-LAB-BLM; *Jordan v. Benitez*, S.D. Cal. Civil Case No. 3:11-cv-01729-MMA-POR; *Jordan v. Anello*, S.D. Cal. Civil Case No. 3:11-cv-01730-DMS-POR; *Jordan v. Moskowitz*, S.D. Cal. Civil Case No. 3:11-cv-02029-H-POR; *Jordan v. Benitez*, S.D. Cal. Civil Case No. 3:11-cv-02030-BTM-PCL; *Jordan v. Lloyd*, S.D. Cal. Civil Case No. 3:11-cv-02031-MMA-POR; *Jordan v. Battaglia*, S.D. Cal. Civil Case No. 3:11-cv-02032-MMA-WVG; *Jordan v. Gonzalez*, S.D. Cal. Civil Case No. 3:11-cv-02036-JLS-CAB; *Jordan v. Sabraw*, S.D. Cal. Civil Case No. 3:11-cv-02037-BTM-WMC; *Jordan v. Anello*, S.D. Cal. Civil Case No. 3:11-cv-02038-WQH-MDD; *Jordan v. Lewis*, S.D. Cal. Civil Case No. 3:11-cv-02403-BEN-NLS; *Jordan v. Sammartino*, S.D. Cal. Civil Case No. 3:11-cv-02404-BEN-WVG; *Jordan v. Huff*, S.D. Cal. Civil Case No. 3:11-cv-02405-BEN-WVG; *Jordan v. Anello*, S.D. Cal. Civil Case No. 3:11-cv-02435-JAH-MDD; and *Jordan v. Houston*, S.D. Cal. Civil Case No. 3:11-cv-02518-MMA-JMA.

1 | / / /

2 | / / /

3 |     2)    **DISMISSES** this civil action without prejudice based on Plaintiff's inability to proceed IFP and his failure to prepay the $400 civil filing and administrative fee required by 28 U.S.C. § 1914(a); and

    3)    **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk is instructed to enter a judgment of dismissal and close the file.

**IT IS SO ORDERED.**

DATED: October 14, 2014

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court